IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2014

**MARIET L. PATRICK v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Dyer County**
**No. 08-CR-71    R. Lee Moore, Jr., Judge**

_____

**No. W2014-00909-CCA-R3-PC  - Filed November 24, 2014**

_____

Petitioner, Mariet L. Patrick, was convicted of evading arrest in a motor vehicle, possession of .5 ounces or more of marijuana with intent to sell or deliver, and possession of .5 grams or more of cocaine with intent to sell or deliver. For these crimes, he received an effective sentence of twenty years. Petitioner timely filed a petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel. The post-conviction court denied relief, finding that Petitioner failed to prove his claims by clear and convincing evidence. After a review of the record and applicable authorities, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Danny H. Goodman, Jr., Tiptonville, Tennessee, for the petitioner, Mariet L. Patrick.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Lance E. Webb, Assistant District Attorney General, for the respondent, State of Tennessee.

**OPINION**

_Factual and Procedural Background_

On October 25, 2007, a "concerned citizen" called Officer Mason McDowell of the Dyersburg Police Department, reporting that Petitioner possessed marijuana and cocaine and that he was using his girlfriend's maroon Buick sedan. Based on this tip, Officer McDowell

discovered that Petitioner's driver's license was suspended and reviewed a picture of Petitioner. Officer McDowell then corroborated a portion of the caller's information by personally verifying that the Buick was parked at the reported location.

The following day, Officer McDowell and his partner positioned their patrol car in a parking lot beside Jenkinsville-Jamestown Road, near the location where the Buick was parked the evening before. Eventually, the Buick drove in front of the patrol car, and Officer McDowell, familiar with Petitioner's appearance, identified Petitioner as the driver of the vehicle. The officers immediately began following the Buick and initiated a traffic stop for the offense of driving on a suspended license. Once the emergency lights were activated, the Buick accelerated and failed to stop. After leaving Jenkinsville-Jamestown Road, the Buick navigated several streets before turning onto a gravel driveway and cutting through a field.

While driving through the field, Petitioner stuck a plastic Ziploc bag out of the driver's window and emptied white powder from the bag onto the ground. The Buick reentered the roadway and drove approximately a quarter of a mile before stopping. The officers removed Petitioner and his passenger, Brandon Lewis, from the Buick. The subsequent search of the vehicle yielded what proved to be cocaine and marijuana, in addition to digital scales and $1,683 in cash. The white powder dumped onto the field was also confirmed to be cocaine.

On June 30, 2010, Petitioner was convicted by a jury of (1) evading arrest in a motor vehicle, a Class E felony; (2) possession of .5 ounces or more of marijuana with intent to sell or deliver, a Class E felony; and (3) possession of .5 grams or more of cocaine with intent to sell or deliver, a Class B felony. For the cocaine conviction, the trial court sentenced Petitioner to twenty years as a persistent offender. For the other convictions, the trial court sentenced Petitioner to six years each, as a career offender, to run concurrently with the twenty-year sentence.

Petitioner's convictions and sentences were affirmed by this Court on direct appeal. *State v. Mariet L. Patrick*, No. W2010-02074-CCA-R3-CD, 2011 WL 3276192 (Tenn. Crim. App. July 28, 2011), *perm. app. denied*, (Tenn. Nov. 16, 2011).[1] On November 19, 2012, Petitioner filed a pro se petition for post-conviction relief, asserting numerous grounds, including the State's failure to provide notice of intent to seek sentence enhancements, defective indictments, and ineffective assistance of counsel at trial and sentencing. On April 9, 2013, Petitioner filed an amended petition for post-conviction relief through appointed counsel. The amended petition focused solely on Petitioner's claim of ineffective assistance of counsel, arguing that trial counsel "[f]ailed to meet with the petitioner prior to trial to

---

[1]The preceding facts came from that opinion. *See Mariet L. Patrick*, 2011 WL 3276192 at *1-3.

develop a defense for trial," "[f]ailed to interview witnesses prior to trial," "failed to present prospective evidence during trial," "failed to advise the petitioner of the proper [s]entencing [r]ange for which he would be tried," and "[f]ailed to argue that the indictments are unconstitutional." However, the amended petition also incorporated all other grounds asserted in the original petition.

After the State filed its response, the post-conviction court held an evidentiary hearing on June 4, 2013. At the hearing, Petitioner's counsel argued that trial counsel rendered ineffective assistance by: (1) failing to challenge the sufficiency or constitutionality of the indictments; (2) failing to investigate or obtain additional evidence; (3) failing to contest the jurisdictional validity of the traffic stop; and (4) failing to request that the State disclose the identity of the informant whose phone call to the Dyersburg police initiated the sequence of events leading to Petitioner's arrest.

Petitioner testified that, after being indicted, he was appointed counsel for trial. Regarding the alleged deficiencies with the indictments, Petitioner stated his belief that it was inappropriate for the indictment to charge him with two counts of possession with intent to sell *or* deliver because the State should have had to specify whether it was charging him with intent to sell or intent to deliver, each as a separate offense. Petitioner testified that he was primarily concerned about the effect that this deficiency had on his sentencing range, but he also admitted that he never discussed these concerns with his trial counsel and that the content of the indictments did not impair his ability to prepare a defense.[2]

Regarding trial counsel's ineffectiveness in failing to investigate or obtain additional evidence, Petitioner testified about three particular evidentiary issues that he believed his trial counsel should have pursued when preparing for trial: obtaining the dispatch log for the police officers, obtaining the video from the dashboard camera of the patrol car, and obtaining the maintenance logs of the patrol car. Petitioner's concern with all of this potential evidence stems from his belief that the police officers testified incorrectly about the location of the traffic stop. According to Petitioner, the traffic stop occurred outside of the city limits and, therefore, outside of the jurisdiction of the Dyersburg police.

Petitioner testified that he believed that the dispatch logs would have revealed that the actual location reported by the officers to the dispatcher was different from the location the officers testified to at the suppression hearing and at trial. Thus, the dispatch log could have either provided evidence to invalidate the officers' jurisdiction to conduct the stop or to

---

[2]Petitioner also testified that, prior to the post-conviction hearing, he discovered the State's notice of intent to seek enhanced punishment and accordingly chose to waive any allegations in his petitions as to that issue.

impeach their credibility. Petitioner recalled discussing the dispatch logs with his trial counsel but could not remember the substance of the conversation.

Petitioner further testified that he asked his trial counsel to obtain copies of the video from the dashboard camera of the patrol car because it would likewise prove that the officers stopped Petitioner outside of their city's jurisdiction and also could have been used for impeachment. Petitioner acknowledged that trial counsel attempted to obtain this evidence from the State and was promised a copy of the CD with the video footage. However, according to Petitioner, trial counsel later reported that the State said that there was no video footage because the dashboard camera in the patrol car was not operational at the time of the incident. Petitioner opined that his trial counsel should have then requested copies of the maintenance logs for the patrol car to verify whether the dashboard camera was actually inoperable. Petitioner also added that the video from the dashboard camera could have proven that the tint on the Buick's windows was too dark for the officers to be able to visually identify Petitioner as the driver, thereby undermining the justification for the traffic stop.

As to the identity of the informant, Petitioner testified that his trial counsel should have filed a motion to compel the disclosure of the informant's identity because Petitioner has a right "to face [his] accuser." Additionally, Petitioner pointed to inconsistent testimony as to whether the informant was a "concerned citizen" or a "confidential informant" that would have been resolved upon discovery of the informant's identity.

Regarding the adequacy of trial counsel's preparation for the trial, Petitioner admitted that trial counsel met with him at "the prison from 2008 to 2010 anywhere to three to four times." Petitioner conceded that the meetings were adequate to prepare a good defense "to a certain degree," but Petitioner complained that the resetting of his trial date made it difficult.

On cross-examination, Petitioner admitted that he was "not saying that [trial counsel] didn't adequately spend enough time with [Petitioner] preparing for trial." Petitioner stated that trial counsel informed him that there was a pretty good possibility that Petitioner would be convicted based on the evidence and urged Petitioner to accept the State's plea offer. Petitioner also acknowledged that trial counsel filed a motion to suppress the evidence challenging the validity of the traffic stop and that trial counsel was well-informed about the nature of the testimony from all witnesses involved. Petitioner admitted that trial counsel interviewed passenger Lewis and reported to Petitioner that Lewis should not be called as a witness because his testimony would hurt Petitioner's case.

Petitioner's trial counsel also testified. Trial counsel stated that he had been practicing

law for over forty years with between twenty-five and thirty years of criminal law experience. At the time of the hearing, trial counsel was employed as an assistant public defender, but at the time of Petitioner's trial, trial counsel was in private practice and had experience in several hundred criminal trials.

Trial counsel testified that he met with Petitioner between ten and twelve times at the prison while working on this case and that he filed a motion to suppress at Petitioner's request, even though he did not believe that there was a reasonable likelihood of success. Trial counsel also testified that he personally drove the passenger out to the scene of the traffic stop and car chase to verify the location and details of these events. Trial counsel recalled that the passenger's version of events was "virtually identical" to that of Officer McDowell. As a result, trial counsel affirmed that there was no question in his mind that the stop occurred within the city limits. Trial counsel also recalled that he researched the possible jurisdictional issue and concluded that there was no legal infirmity.

Trial counsel stated his view that the there was nothing unusual about the indictments because they contained the standard language from the statutes. Trial counsel also stated that he considered Petitioner's concerns about the nature of the informant, but ultimately concluded that it was not relevant because the informant's tip was not the basis of the stop and the informant's testimony could have hurt Petitioner's case, even if the identity was known.

At the end of the evidentiary hearing, the post-conviction court ruled that the indictments were not defective in any way and that all evidence clearly showed that the police stop was initiated within the city so that there was no jurisdictional issue. Additionally, the post-conviction court ruled that Petitioner failed to provide clear and convincing evidence of deficient performance or prejudice by not having the dispatch logs, dashboard camera video, maintenance logs, or identity of the informant. The post-conviction court then dismissed the petition by way of a written order entered on June 17, 2013, and Petitioner timely appealed.

*Analysis*

On appeal, Petitioner argues that the post-conviction court erred in dismissing his petition based on the ineffective assistance of his trial counsel.[3] Specifically, Petitioner

---

[3]Because Petitioner has not raised any of the other grounds within his original and amended petitions on appeal, we will not address them. *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. Oct. 26, 2009) ("While the Petitioner raised additional issues in his petition for post-conviction relief, he has abandoned those issues on appeal."), *perm. app. denied*, (Tenn. Apr. 16, 2010).

argues that trial counsel's performance was deficient because his failure to obtain the dispatch logs, vehicle maintenance logs, and video recording prevented Petitioner from presenting valuable evidence at trial that could have (1) impeached the testimony of the arresting officers, (2) revealed a pre-textual basis for the traffic stop,[4] and (3) proved that the traffic stop occurred outside of the city limits.

The State argues that the post-conviction court's dismissal of the petition for post-conviction relief should be affirmed because trial counsel "diligently obtained all available evidence" and because Petitioner failed to prove that trial counsel's performance was deficient and prejudicial by clear and convincing evidence.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, this Court gives deference to the trial court's decision on questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence. *Momon*, 18 S.W.3d at 156 (citing *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or reevaluate the evidence presented below and is bound by the findings of the post-conviction court unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). However, the post-conviction court's conclusions of law and application of the law to the facts are subject to de novo review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

Petitioner alleges that he received ineffective assistance of counsel. Both the Sixth Amendment to the Constitution of the United States and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. The test for ineffective assistance of counsel is a two-prong test: a petitioner "must show first that counsel's performance was deficient and second that the deficient performance prejudiced the defense." *Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 690-94 (1984)). "Because a petitioner must establish both prongs

---

[4]Petitioner's brief is the first mention of this argument and no supporting evidence was established at the evidentiary hearing. Generally, however, an officer's ulterior motive for conducting a traffic stop is constitutionally immaterial. *State v. Vineyard*, 958 S.W.2d 730, 735-36 (Tenn. 1997) (adopting the holding of *Whren v. United States*, 517 U.S. 806 (1996)).

. . . to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

The test for deficient performance is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Counsel's performance is considered reasonable "if the advice given or the services rendered [were] within the range of competence demanded of attorneys in criminal cases." *Henley*, 960 S.W.2d at 579 (citing *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). To be considered deficient, counsel's acts or omissions must fall below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. However, this Court will not use hindsight to second guess counsel's tactical decisions unless the choices were uninformed because of inadequate preparation. *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). Prejudice is shown where "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694).

It is undisputed from the facts established at the post-conviction hearing that Petitioner's trial counsel was a seasoned criminal defense attorney with approximately thirty years of criminal law experience, including several hundred criminal trials. Trial counsel made numerous visits to discuss the case with Petitioner during his incarceration. Petitioner admits that trial counsel was very knowledgeable about the details of the case and that he advised Petitioner to accept the State's plea offer, given the nature and strength of the incriminating evidence. Trial counsel filed an unsuccessful motion to suppress to alleviate Petitioner's concerns about the validity of the traffic stop. Relatedly, trial counsel investigated Petitioner's dispute as to the location of the traffic stop, including an interview and a visit to the scene with passenger Lewis. Lewis wholly confirmed the facts as testified to by the police officers at the suppression hearing and later at trial. Petitioner admits that trial counsel sought the dashboard camera video but was eventually informed that no such video existed because the dashboard camera in the patrol car was inoperable.

The crux of Petitioner's ineffective assistance claim is that trial counsel's failure to investigate or obtain the dashboard camera video and the dispatch and maintenance logs constitutes objectively unreasonable professional conduct that likely affected the outcome of the trial. Petitioner alleges that this additional evidence could have invalidated the search of his vehicle by either proving that the arrest occurred outside of the officers' jurisdiction or that the officers' lacked reasonable suspicion that he was driving with a suspended license because the windows of the vehicle were tinted too darkly to permit identification.

We acknowledge that trial counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 462 (quoting *Strickland*, 466 U.S. at 691). However, Petitioner did not present any evidence at the post-conviction hearing that the video or logs actually existed or would have benefitted Petitioner's case. Because a petitioner bears the burden of proof in a post-conviction proceeding, more than "the bare facts of [an] occurrence," or lack thereof, are required to substantiate a claim of ineffectiveness based on trial counsel's failure to investigate or to obtain allegedly favorable evidence. *Denton v. State*, 945 S.W.2d 793, 803 (Tenn. Crim. App. 1996). "If the claim is based on a failure to properly investigate, then the evidence or witness must be produced so that the post-conviction court can properly evaluate the evidence or witness." *Derrick Quintero v. State*, No. M2005-02959-CCA-R3-PD, 2008 WL 2649637, at *52 (Tenn. Crim. App. July 7, 2008), *perm. app. denied*, (Tenn. Dec. 8, 2008) (citing *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990)); *see also James Davis v. State*, No. W2006-02708-CCA-R3-PC, 2007 WL 4523464, at *10 (Tenn. Crim. App. Dec. 21, 2007), *perm. app. denied*, (Tenn. May 5, 2008) (rejecting ineffectiveness claim where "the petitioner did not present the autopsy report or medical records of the victim at the evidentiary hearing" while claiming that trial counsel inadequately investigated this evidence). "It is elementary that neither a trial judge nor an appellate court can speculate or guess on the question of whether further investigation would have revealed" material evidence. *Black*, 794 S.W.2d at 757. Pure speculation is precisely what Petitioner asks us to accept in this case, but speculation does not equate to clear and convincing evidence.

Accordingly, the evidence does not preponderate against the post-conviction court's conclusion that Petitioner has failed to prove by clear and convincing evidence that there is a reasonable probability that the outcome of the proceeding would have been different, but for his trial counsel's failure to obtain either the dashboard video or the dispatch or maintenance logs. Because we find no prejudice, we need not address whether trial counsel's performance was deficient. *See Henley*, 960 S.W.2d at 580.

*Conclusion*

Upon thorough review of the record, we determine that Petitioner has failed to prove by clear and convincing evidence that he received ineffective assistance of counsel. We, therefore, affirm the decision of the post-conviction court.

_____
TIMOTHY L. EASTER, JUDGE